FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y:
★ OCT 2 3 2008 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

          -against-

MICHAEL SPATARO

          Defendant.
------------------------------------------------------------X

04 CR 911 (SJ)
MEMORANDUM
AND ORDER

APPEARANCES:

Benton J. Campbell
UNITED STATES ATTORNEY
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
By:   Elizabeth Geddes, Esq.
Assistant United States Attorney

JOSEPH A. BONDY
401 Greenwich Street
Fifth Floor
New York, New York 10013
Attorney for Defendant

JOHNSON, Senior District Judge:

    Presently before the Court is a Summary Order (the "Order"), issued by the Second Circuit Court of Appeals on September 11, 2008, vacating and remanding this Court's judgment in the above-captioned

P-049

case, as it relates to the sentence received by Defendant Michael Spataro (the "Defendant") following his lawful 2006 conviction for his role in a murder conspiracy orchestrated by members of the Colombo Crime Family. Although the Court of Appeals affirmed all other aspects of this Court's decision, the three-judge panel held that, in sentencing Defendant to a consecutive 170 month term of imprisonment on Count Three, the Court did not provide reasons for the "above Guidelines sentence." See United States v. Persico, 2008 U.S. App. LEXIS 19443 at *5, (2d Cir. September 11, 2008). As a result, the Court of Appeals vacated the sentence as to Count Three and remanded the case to this Court for resentencing. Id. at *5-6.

## DISCUSSION

This case arises out of a conspiracy involving leaders of the Colombo Crime Family in which two rank-and-file Colombo associates (Vincent DeMartino and Giovanni Floridia) were ordered in early 2001 to murder a fellow associate by the name of Joseph Campanella. Although Campanella was shot, the murder attempt failed. DeMartino and Floridia

P-049

were subsequently arrested, and convicted in May 2004. Following his conviction, Floridia agreed to cooperate with the government. This cooperation ultimately led to the arrest and indictment of Defendant Spataro.[1]

On February 14, 2006, following a jury trial, Defendant was found guilty on all counts of a three count superceding indictment, that included Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count One); Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count Two); and Discharge of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three). Prior to sentencing, this Court received and reviewed a Pre-sentence Investigation Report ("PSR"), prepared by the United States Department of Probation, which indicated that, with respect to Count Three, Defendant was subject to the mandatory minimum term of imprisonment as determined by the statute, irrespective of his base offense level or any adjustments that might otherwise be appropriate to

---

[1] Although the original indictment included six counts, the government filed a three-count superseding indictment in December 2005.

consider. See Spataro PSR, prepared May 18, 2006 ("PSR") at ¶ 52. Indeed, a review of the applicable Sentencing Guideline section, as well as the statutory language, confirms the Probation Department's conclusion.

Section 2K2.4 of the Sentencing Guidelines[2] states that, where, as here, a defendant who has been convicted of violating 18 U.S.C. § 924(c), "the guideline sentence is the minimum term of imprisonment required by statute." U.S.S.G. § 2K2.4(b). Accordingly, we turn to the specific statutory subsection at issue here, 18 U.S.C. § 924(c)(1)(A)(iii), which states, in sum and substance, that any person who, in furtherance of a federal crime of violence or drug trafficking crime, discharges a firearm,

---

[2]There is some confusion regarding which version of the Sentencing Guidelines was, or should have been, consulted in determining Defendant Spataro's guideline range. The Probation Department apparently concluded that "an *ex post facto* issue would exist if the guidelines in effect at the time of the sentence [*i.e.* the Guidelines effective November 1, 2005] were employed." PSR at ¶ 38. As a result, "the offense level [for each count] in this case was computed using guidelines in effect at the time the offense was committed (November 1, 2000)." Id. However, the PSR later references § 2K2.4(b) as the relevant Guidelines section, even though the language cited by the Probation Department tracks the language in the 2005 version, not the 2000 version, of the Guidelines. See PSR at ¶ 52. As it turns out, with respect to Count Three of the indictment at least, the language of § 2K2.4(b) in the 2005 version and that of § 2K2.4(a)(2) in the 2000 version is virtually identical, thus rendering the distinction irrelevant for the purposes of this opinion, and any error harmless.

4

P-049

shall be sentenced to a prison term of not less than 10 years, in addition to any punishment established for the underlying crime. See 18 U.S.C. § 924(c)(1)(A)(iii). Since the statute is silent with regard to any maximum sentence, this Court construed the applicable guideline range for a violation of § 924(c)(1)(A)(iii) as 120 months to life. Hence, based on this interpretation, Defendant's 170-month sentence was, in fact, within the applicable guideline range, though significantly greater than the mandatory minimum. Nevertheless, in accordance with the Order, this Court is compelled to provide an adequate explanation of the sentence imposed upon Defendant Spataro.

We begin with the general proposition that "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in the statute. 18 U.S.C. §3553(a). Among the factors that should be considered when sentencing a criminal defendant are the seriousness of the offense and the need to "protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A) and (C). The statute also requires exploration of the nature and

P-049

circumstances of the offense and the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, the kinds of sentences available, and the kind of sentence and range established for the particular offense and the particular defendant. See 18 U.S.C. §3553(a).

After careful and deliberate consideration of the factors found in 18 U.S.C. § 3553(a), and all of the relevant facts and circumstances surrounding this case, this Court is satisfied that a sentence of 170 months on Count Three is reasonable and appropriate. In particular, the Court's decision was influenced by the premeditated violent nature of the crime and the Defendant's longtime association with one of the most powerful organized crime families in New York City. See PSR at ¶¶ 63, 65.

Therefore, this Court adheres to the previously imposed sentence of 170 months imprisonment on Count Three, to run consecutively with Defendant's concurrent sentences on Counts One and Two, totaling 338 months imprisonment.

P-049

SO ORDERED.

Dated: October 14, 2008

Brooklyn, New York

/s/(SJ)

_____
Senior United States District Judge