UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL SPATARO,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

**MEMORANDUM AND ORDER**

4-CR-911 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

Michael Spataro ("Petitioner") petitions pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus vacating his conviction and sentence under 18 U.S.C. § 924(c).

## BACKGROUND

### I. Petitioner's Crimes

Petitioner was indicted for conspiracy to commit murder in aid of racketeering (Count One), assault with a dangerous weapon in aid of racketeering (Count Two), and using, carrying, and possessing a firearm in relation to a crime of violence (Count Three).  (Superseding Indictment ("Indictment"), ECF No. 114.)  Petitioner's charges resulted from his affiliation with the Colombo crime family.  (*Id.*; *see also* Trial Tr. 56:22–57:6.)  The testimony adduced at trial revealed that members of the Colombo crime family became suspicious that Joseph Campanella was cooperating with the government and authorized Vincent DeMartino to murder Campanella.  (Trial Tr. at 430:21–434:15.)  DeMartino then recruited Colombo affiliate Giovanni Floridia to help plan the murder.  (*Id.* at 462:18–22, 467:23–468:11.)  Petitioner acted as a messenger between the two leaders, DeMartino and Floridia, in planning the murder.  (*Id.* at 543:13–23.)  On July 26, 2001, Petitioner drove DeMartino to meet Floridia.  (*Id.* at 484:1–486:3.)  That day,

DeMartino shot Campanella in a car driven by Floridia but did not succeed in killing him. (*Id.* at 487:9–492:4.) Petitioner was not in the car. (*Id.*) Phone records introduced at trial, however, revealed that DeMartino and Petitioner shared seven calls following the attack. (*Id.* at 755:18–757:20.) One of those calls took place one minute after the shooting. (*Id.*) As recounted by Floridia, during that call, DeMartino said to Petitioner: "Hey, Mike. We missed. Get in touch with them and tell them we missed." (*Id.* at 493:20–23.)

## II.     Procedural History

A jury trial was held before Judge Johnson in 2006, where Petitioner was found guilty of Counts One, murder conspiracy, Two, assault with a dangerous weapon in aid of racketeering, and Three, using, carrying, and possessing a firearm in relation to a crime of violence. Count Three arises under § 924(c). (Jury Verdict, ECF No. 172.) Judge Johnson imposed a sentence of 120 months' imprisonment on Count One, a concurrent term of 168 months' imprisonment on Count Two, and a consecutive term of 174 months' imprisonment on Count Three. (Aug. 11, 2006 Am. J., ECF No. 269.) Petitioner appealed on several grounds, including that the sentences imposed were unreasonable. (Not. of Appeal, ECF No. 248.) Petitioner's convictions were affirmed, but the Second Circuit remanded for resentencing, finding that the court had not sufficiently explained its rationale for imposing an above-guidelines sentence on the § 924(c) violation charged in Count Three. (Mar. 9, 2009 Summary Order, ECF No. 761.) On remand, in October 2009, the court modified the sentence on Count Three to 120 months, resulting in an aggregate sentence of 288 months. (Oct. 14, 2009 Order, ECF No. 860.)

In 2010, Petitioner filed a petition for writ of habeas corpus seeking to vacate his convictions for ineffective assistance of counsel, which was denied. (*See* Mot. for Reconsideration ¶¶ 8, 13 ECF No. 882.) Then, in June 2016, Petitioner again moved to vacate

his § 924(c) conviction, this time based on the Supreme Court's decision in *Johnson v. United States*. (ECF No. 880.) The Second Circuit granted Petitioner leave to file a successive petition, stating:

> Petitioner argues, inter alia, that his 18 U.S.C. § 924(c) conviction predicated in part on conspiracy to commit murder in violation of 18 U.S.C. § 1959(a)(5) is no longer valid after *Johnson* and *Davis*. Upon due consideration, it is hereby ORDERED that the stay previously entered by this Court is TERMINATED, Petitioner's motion for leave to file a successive § 2255 motion is GRANTED, and this proceeding is TRANSFERRED to the district court. *See* 28 U.S.C. § 1631. . . We acknowledge that Petitioner's § 924(c) conviction might still be supported by a valid predicate, even if the other predicate is no longer valid after *Johnson* and *Davis*. However, making that determination in the present case would require detailed review of the criminal proceedings and factfinding that the district court is better suited to perform, particularly since portions of the record are not currently available to this [c]ourt.

(USCA Mandate, ECF No. 886-1).

## STANDARD OF REVIEW

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), permits a prisoner who was sentenced in federal court to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that the sentence: "(1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255). A § 2255 movant bears the burden to prove the claims in his § 2255 motion by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000) (citing *Harned v. Henderson*, 588 F.2d 12, 22 (2d Cir. 1978)).

**DISCUSSION**

Petitioner seeks to vacate his conviction and sentence for Count Three—the § 924(c) charge—pursuant to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] (Pet. at 5, ECF No. 880; *see also* Sec. Mot. for Bond at 3, ECF No. 893.) Section 924(c) imposes a mandatory consecutive term of imprisonment when a defendant uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, inter alia, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines a crime of violence in two subparts, the first of which is known as the Force Clause, and the second of which is referred to as the Residual Clause. The Force Clause defines a crime of violence as a federal felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The Residual Clause defines a "crime of violence" as a federal felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

In *Davis*, the Supreme Court held that the Residual Clause was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2324 (holding that the Residual Clause "provides no reliable way to determine which offenses qualify as crimes of violence"). As a result, following *Davis*, a predicate crime is a crime of violence under § 924(c) only if it satisfies the statute's Force

---

[1] Petitioner additionally relies on *United States v. Johnson*, 576 U.S. 591, 593 (2015), as a basis to vacate his conviction. (*See* Pet. at 5, ECF No. 880.) In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *See Johnson*, 576 U.S. at 597–602. ACCA's residual clause defines the term "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B), language that closely tracks the Residual Clause of § 924(c). In *Welch v. United States*, the Supreme Court held that *Johnson* "has retroactive effect in cases on collateral review." 136 S. Ct. 1257, 1268 (2016). In *Davis*, the Supreme Court extended the rationale of *Johnson* and *Welch* to § 924(c)(3)(B), the statute under which Petitioner was convicted for Count Three. The Court's analysis thus focuses on *Davis* and its application to Petitioner's case.

Clause.  Put another way, only felony offenses that have as "an element the use, attempted use, or threatened use of physical force" under § 924(c)(3)(A) are valid predicate crimes of violence that may support a § 924(c) conviction.  Moreover, since *Davis*, the Second Circuit has made clear that a conspiracy cannot constitute a crime of violence under § 924(c).  *See United States v. Capers*, 20 F.4th 105, 119 (2d Cir. 2021) (noting that the Second Circuit has "never, since the Supreme Court's decision in *Davis*, upheld a § 924(c) conviction predicated on a RICO conspiracy charge"); *United States v. Laurent*, No. 15-3807-CR, 2022 WL 1217395, at *11 (2d Cir. Apr. 26, 2022) ("[I]t has been established that a [ ] conspiracy cannot qualify as a crime of violence, even if marked by violence or directed to violent objectives.  This is because the crime of conspiracy is completed upon mere reaching agreement, so that the crime can be committed without use of force" (citation omitted)).

In light of this precedent, the parties do not dispute that Count One, conspiracy to commit murder in aid of racketeering, does not qualify as a crime of violence.  As such, according to Petitioner, the conviction as to Count Three must be vacated because the jury was instructed it could convict Petitioner of Count Three on a finding that he was guilty of either Count One or Count Two.[2]  (Sec. Mot. for Bond at 2–3.)  As Petitioner's argument goes, because it is "impossible to tell which ground the jury selected," the conviction on Count Three cannot stand. (*Id.* (quoting *Griffin v. United States*, 502 U.S. 46, 52 (1991).)  In opposition, the Government does not dispute that the jury instructions were improper.  However, the Government maintains that any error in instructing the jury on the § 924(c) count was harmless because the assault

---

[2] Specifically, the court instructed the jury that "you may consider [Count Three] only if you find beyond a reasonable doubt that the defendant you are considering is guilty of Count One or Two, or both, of the indictment." (Trial Tr. 1227:21–24.)

charged in Count Two—for which Petitioner was convicted—remains a valid predicate crime of violence following *Davis*. (Gov. Opp'n at 7–11, ECF No. 888.) The Government is correct.

The gating inquiry here is whether Count Two, assault with a dangerous weapon in aid of racketeering, qualifies as a predicate crime of violence that could support Petitioner's § 924(c) conviction. It plainly does. Indeed, the Second Circuit recently considered an appeal by Petitioner's co-defendant DeMartino based on similar jury instructions at issue here. *See Demartino v. United States*, No. 20-1758, 2022 WL 2445435, at *3 (2d Cir. July 6, 2022). The Second Circuit held in no uncertain terms that "[a]ssault with a deadly weapon as charged in Count Two is a crime of violence." *Id.* Nevertheless, Petitioner maintains that Count Two as prosecuted against him is not a crime of violence because he was convicted under either a *Pinkerton* or aiding-and-abetting theory of liability.[3] According to Petitioner, a conviction based on either of these theories of liability do not constitute crimes of violence following *Davis*. Petitioner is wrong. Under the *Pinkerton* doctrine, a defendant is held liable for substantive offenses committed by his co-conspirators. *See, e.g.*, *United States v. Gershman*, 31 F.4th 80, 99 (2d Cir. 2022) (a *Pinkerton* charge "informs the jury that it may find a defendant guilty of a substantive offense that he did not personally commit if it was committed by a coconspirator in furtherance of the conspiracy, and if commission of that offense was a reasonably foreseeable consequence of the conspiratorial agreement." (citation omitted)); *United States v. Walker*, 830 F. App'x 12, 14 (2d Cir. 2020) ("the *Pinkerton*, or co-conspirator, jury instruction do[] not require vacatur . . . [because] [e]ven if the jury found [Defendant] guilty of the robberies under a *Pinkerton* theory of liability, it is still the case that the substantive crime . . . on which the

---

[3] The court instructed the jury that it could convict Petitioner of assault with a dangerous weapon in aid of racketeering under either a *Pinkerton* or aiding-and-abetting theory of liability. (Trial Tr. 1202:3–23, 1227:5–1232:13.)

firearms charge was predicated has as an element the use, attempted use, or threatened use of physical force . . ."). Similarly, under an aiding and abetting theory of liability, a defendant is held liable as a principal for aiding and abetting someone else to commit a crime. *See* 18 U.S.C.A. § 2(A) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). *See, e.g.*, *Demartino*, 2022 WL 2445435, at *3 (noting that the Second Circuit has categorized "aiding and abetting assault with a deadly weapon as a crime of violence").[4] In other words, assault with a dangerous weapon under either theory of liability constitutes a crime of violence as defined under § 924(c) because, under either theory, a defendant is held liable as a principal. Thus, Petitioner was convicted of a valid predicate crime of violence.

Having resolved that issue, the Court must consider whether the error in instructing the jury that it could rely on *either* Count One or Count Two when considering whether to convict Petitioner of § 924(c) was harmless. *See Stone v. United States*, 37 F.4th 825, 831 (2d Cir. 2022) (instructing that courts must engage in harmless error review "in the context of a § 924(c) conviction, where a jury's finding of guilt is based on two predicates, only one of which can lawfully sustain guilt"). In this regard, the Court must determine "whether a rational jury, absent the error, would have arrived at the same verdict." *Demartino,* 2022 WL 2445435, at *2

---

[4] The Court notes that the Second Circuit relied on *United States v. McCoy*, 995 F.3d 32 (2d Cir. 2021), when holding that aiding and abetting assault with a deadly weapon is a crime of violence. *Demartino*, 2022 WL 2445435, at *3. In *McCoy*, the Second Circuit held that a § 924(c) conviction could stand based on either aiding and abetting a Hobbs Act robbery or an attempted Hobbs Act robbery charge serving as the predicate crime. *See* 995 F.3d at 58. In *United States v. Taylor*, the Supreme Court held that attempted Hobbs Act robbery could not qualify as a crime of violence for § 924(c). *See* 142 S. Ct. 2015, 2020 (2022). On June 27, 2022, the Supreme Court vacated the judgment in *McCoy* and remanded the case to the Second Circuit for further consideration in light of *Taylor*. *See McCoy v. United States*, 142 S. Ct. 2863 (2022). The Supreme Court in *Taylor* did not consider whether aiding and abetting could constitute a crime of violence. And, as the Second Circuit made clear in *Demartino*, which was decided a week after *McCoy* was vacated, *McCoy*'s holding in this respect remains undisturbed. That is, the conviction of a substantive crime of violence through an aiding and abetting theory remains a valid § 924(c) predicate in this circuit.

(citation omitted). Put another way, the error is harmless where a jury would have found "the essential elements of guilt on the alternative charged predicate that would sustain a lawful conviction beyond a reasonable doubt." *Stone*, 37 F.4th at 831 (citation and quotation marks omitted).

On this question, *Demartino* is instructive. In assessing the trial record, the Second Circuit found:

> The same evidence presented as proof that DeMartino committed assault with a deadly weapon also established that DeMartino used a firearm in relation to a crime of violence. As the government argues, no rational jury could convict DeMartino of assault with a dangerous weapon without finding that he used, carried, and discharged the firearm in furtherance of this assault. We are therefore convinced that the jury, if properly instructed on Count Three, would have reached the same verdict: finding beyond a reasonable doubt that DeMartino 'intentionally used and carried a firearm during and in relation to a crime of violence... and, in furtherance of such crime[ ] of violence knowingly and intentionally possessed said firearm, which firearm was discharged.'

*Id.* at *3 (citation omitted).

The same logic applies to Petitioner's convictions. As discussed above, Petitioner was convicted of Count Two under either a *Pinkerton* or aiding-and-abetting theory of liability. Thus, the jury here would have found Petitioner guilty of assault with a dangerous weapon through the actions of DeMartino. No rational jury could have found Petitioner guilty of assaulting Campanella—vis-à-vis DeMartino shooting at Campanella—without also finding that a weapon was used, carried, or discharged during the commission of the offense. *See Demartino*, 2022 WL 2445435, at *3 (noting that there was "uncontroverted evidence" showing that DeMartino "used a gun to commit" the crime charged in Count Two).[5] Petitioner was not prejudiced by the erroneous jury instruction.

---

[5] Petitioner's reliance on *United States v. Capers*, 20 F.4th 105 (2d Cir. 2021), is misplaced. There, the district court instructed the jury that it could find the defendant guilty of § 924(c), (j) based on either a racketeering conspiracy charge or a narcotics conspiracy charge. *Id.* at 116. The court further instructed the jury that the racketeering

\*      \*      \*

Because Count Two remains a valid predicate crime of violence under § 924(c) and the Court finds no prejudice from the erroneous jury instructions, Petitioner's motion to vacate his conviction and sentence as to Count Three is denied.[6]

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
       November 16, 2022  LaSHANN DeARCY HALL
       United States District Judge

---

conspiracy charge was a crime of violence for the purpose of § 924(c). *Id.* Thus, because the jury in *Capers* was instructed that it could find the defendant guilty under either one of two conspiracy charges, neither of which were valid crimes of violence post *Davis*, the Second Circuit vacated the challenged conviction, finding that "an erroneous jury instruction makes it impossible to be confident that the jury convicted him on an appropriate set of findings." *Id.* at 128. That is not the case here, where Petitioner was found guilty of a valid predicate crime of violence, assault with a dangerous weapon.

[6] In October 2017, Petitioner also filed a motion for reconsideration of the court's denial of his first motion to vacate. (Mot. for Reconsideration, ECF No. 882.) As the Government correctly points out, motions for relief from an error in a judgment or order pursuant to Federal Rule of Criminal Procedure 60 must be made at the very least "within a reasonable time." Fed. R. Crim. P. 60(c)(1). In most instances, such a motion must be made within a year after the entry of the judgment or order. *Id.* Here, Petitioner admits he obtained the records supporting his new alibi defense on May 16, 2014, more than three years before he filed his motion for reconsideration. (Mot. for Reconsideration ¶ 28.) Thus, Petitioner's motion is untimely.